922

■ ELEANOR MASTRANGELO et al., Respondents, v. RAYMOND STRYPE et al., Appellants. (Action No. 1.) ERIE BASIN CARTING Co., INC., Appellant, v. ELEANOR MASTRANGELO et al., Respondents. (Action No. 2.) (Another Title: Action No. 3.) NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant, v. ERIE BASIN CARTING Co., INC., Respondent, et al., Defendants.— These are appeals in (A) three consolidated negligence actions to recover damages for personal and property injuries and (B) an action by the automobile liability insurer of Raymond Strype and Erie Basin Carting Co., Inc., parties in the negligence action, *inter alia,* for a judgment declaring that said insurer is not obligated to continue the defense of said parties in negligence Action No. 1. (1) Said insured parties (both are the defendants in said Action No. 1 and Erie Basin Carting Co., Inc. is the plaintiff in the property injury Action No. 2) appeal from an interlocutory judgment of the Supreme Court, Queens County, entered April 30, 1971, in the consolidated negligence actions, upon a jury verdict, determining the issues of liability in negligence Actions Nos. 1 and 2 against them; and (2) said insurer, Nationwide Mutual Insurance Company, (a) appeals, as limited by its brief, from so much of an order of the same court, dated November 4, 1971, and made in the declaratory judgment action, as, upon its motion for summary judgment and upon a cross motion for summary judgment, directed it to continue the defense of Erie Basin Carting Co., Inc. in Action No. 1 and to pay, within the insurance policy limits, any judgment which may be recovered against Erie Basin Carting Co., Inc. in said action and (b) further appeals from so much of a later order of the same court, dated December 2, 1971, and made in the declaratory judgment action, as denied its motion for reargument of its said motion for summary judgment. Interlocutory judgment affirmed, with costs to respondents in Actions Nos. 1 and 2 jointly against appellants appearing separately. No opinion. Order dated November 4, 1971, modified, on the law, by striking therefrom the first and second ordering paragraphs and by inserting the words " and defendant Erie Basin Carting Co., Inc." in the third and fifth ordering paragraphs, after the name " Raymond Strype". As so modified, order affirmed, with costs to appellant Nationwide Mutual Insurance Company against respondent Erie Basin Carting Co., Inc. In our opinion, the false statement made under oath at the examination before trial of Raymond Strype, at which he testified on behalf of Erie Basin Carting Co., Inc., and himself, impaired his credibility and usefulness as a witness on the trial. It was made at a time when the alleged personal motivation for his first false statement to the insurer no longer existed and constituted a failure to cooperate by Erie Basin Carting Co., Inc. and by him (cf. *Fidelity & Cas. of N. Y.* v. *Holdeman,* 18 N Y 2d 997; *United States Fid. & Guar. Co.* v. *von Bargen,* 7 A D 2d 872, affd. 7 N Y 2d 932). Accordingly, Nationwide Mutual Insurance Company was entitled to disclaim as to both Erie Basin Carting Co., Inc., and Strype. Appeal from order dated December 2, 1971 dismissed, without costs. An order denying reargument of a motion is not appealable. Rabin, P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.